**C.R. KLEWIN, INC.,**
**Plaintiff–Appellant,**

v.

**FLAGSHIP PROPERTIES, INC., and DKM Properties Corporation,**
**Defendants–Appellees.**

No. 1555, Docket 91–7163.

United States Court of Appeals,
Second Circuit.

Argued May 20, 1991.

Decided June 17, 1991.

Daniel S. Blinn, Hartford, Conn. (Louis R. Pepe, Pepe & Hazard, of counsel), for plaintiff-appellant.

A. Susan Peck, Hartford, Conn. (Hope C. Seeley, Santos, Peck & Smith, of counsel), for defendants-appellees.

Before VAN GRAAFEILAND, MESKILL and McLAUGHLIN, Circuit Judges.

## ORDER CERTIFYING QUESTIONS OF LAW TO THE CONNECTICUT SUPREME COURT

On consideration of the briefs, the entire record, and after hearing oral argument in this appeal, it is upon this Court's own motion, hereby ORDERED by the undersigned, constituting the panel hearing this appeal, that the questions of law set forth below be certified to the Connecticut Supreme Court pursuant to Conn.Gen.Stat. § 51–199a—Uniform Certification of Questions of Law Act. In connection with this certification the undersigned find and determine as follows:

### 1. *Questions Certified*

A. Whether under the Connecticut Statute of Frauds, Conn.Gen.Stat. § 52–550(a)(5), an oral contract that fails to specify explicitly the time for performance is a contract of "indefinite duration," as that term has been used in the applicable Connecticut precedent, and therefore outside of the Statute's proscriptions?

B. Whether an oral contract is unenforceable when the method of performance called for by the contract contemplates performance to be completed over a period of time that exceeds one year, yet the contract itself does not explicitly negate the possibility of performance within one year?

### 2. *The Facts Relevant to the Questions Certified and the Nature of the Controversy from which the Questions Arose*

C.R. Klewin, Inc. (Klewin) is a Connecticut based corporation that provides general construction contracting and construction management services. Defendants Flagship Properties and DKM Properties (collectively "Flagship") are engaged in the business of real estate development and are located outside of Connecticut. Flagship and DKM do business together in Connecticut under the trade name "ConnTech." Flagship is the developer of a major construction project ("ConnTech Project") in Mansfield, CT near the University of Connecticut's main campus. The master plan for the project included the construction of 20 industrial buildings, a 280 room hotel and convention center, and housing for 592 graduate students and professors. The estimated cost of the total project was $120 million.

In March 1986, Flagship representatives met with Klewin representatives for a dinner meeting. Flagship was considering whether to engage Klewin to serve as construction manager on the ConnTech Project. During the discussions, Klewin advised that its fee would be 4% of the cost of construction and 4% for its overhead and profit. However, this fee structure was subject to change depending on when different phases of the ConnTech Project were to be constructed. The meeting ended with Flagship's representative shaking hands with Klewin's agent and saying "You've got the job. We've got a deal." No other specific terms or conditions were conclusively established. The parties did publicize the fact that an agreement had been reached and a videotaped press conference was held. Additionally, an American Institute of Architects Standard Form of Agreement between Owner and Construction Manager ceremoniously was

signed in blank, but the specifics of the agreement between Klewin and Flagship were left unresolved.

Commencement of construction on the first phase of the ConnTech Project, called "Celeron Square," began on May 4, 1987. The parties entered into a written agreement regarding the construction of this one part of the project. Construction was completed fully by mid–October 1987. Flagship, however, was dissatisfied with Klewin's work and began negotiating with other contractors for the job as construction manager on the next stage of the ConnTech Project. Eventually, in March 1988, Flagship contracted with Milton C. Beebe & Sons, Inc. to perform the sitework for "Celeron Square II." Flagship's decision to change construction managers provided the basis for the instant action.

After being replaced as the construction manager, Klewin initiated this action in federal district court in the District of Connecticut, Dorsey, J., on April 17, 1989. Klewin advanced three claims (1) breach of an oral contract to perform as construction manager on all phases of the project; (2) *quantum meruit* recovery for services performed in anticipation of future stages of the project; and (3) detrimental reliance on Flagship's promise to pay for preconstruction services.

On July 27, 1990, Flagship moved for summary judgment on all counts asserting among other things that the oral contract, if any, was unenforceable under the Statute of Frauds. On January 14, 1991, the district court issued a written ruling granting summary judgment in favor of Flagship as to all the counts. Judgment was entered on January 18, 1991. The primary issue in this case is whether the oral contract entered into by Klewin and Flagship in March 1986 is within the Connecticut Statute of Frauds and therefore unenforceable.

Judge Dorsey, applying Connecticut law, held that if a contract existed it fell within the Statute of Frauds and, therefore, was unenforceable. The district judge, contrasting the facts of this case with those addressed by the Connecticut Supreme Court in *Finley v. Aetna Life & Casualty Co.*, 202 Conn. 190, 520 A.2d 208 (1987), and *Burkle v. Superflow Mfg. Co.*, 137 Conn. 488, 78 A.2d 698 (1951), reasoned that (1) "the contract was not of an indefinite duration or open-ended" because full performance would take place when all phases of the ConnTech Project were completed, and (2) the contract "as a matter of law" could not possibly have been performed within one year. In drawing this second conclusion, Judge Dorsey focused on the sheer scope of the project and the parties' own admission that the entire project was to be constructed in 3 to 10 years.

In this appeal, Klewin argues that Connecticut law provides that an oral contract that does not expressly negate the possibility of performance within one year, no matter how remote or unrealistic that possibility, falls outside of the Statute of Frauds and therefore is enforceable. Additionally, it contends that the Statute of Frauds only invalidates oral contracts of an express definite duration in excess of one year as well as those of a perpetual duration.

We review the district court's determinations of state law *de novo*. *Salve Regina College v. Russell*, —— U.S. ——, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991). After reviewing the applicable case law and authorities, we conclude that the issues presented involve substantial legal questions for which there is no clear precedent under the decisions of the Connecticut Supreme Court. While the Connecticut decisions suggest that an oral contract is outside of the Statute of Frauds when even the remotest possibility of performance within one year exists, other states have rejected such an approach and we hesitate to decide such an important matter of Connecticut state law. Resolution of these state law issues will be determinative of the merits of the appeal now before us.

3. It is FURTHER ORDERED that the Clerk of the Court transmit a copy of this Order, under the official Seal of this Court, to the Clerk of the Connecticut Supreme Court, together with a complete set of the briefs,

appendix and record filed by the parties to this appeal.

4. It is FURTHER ORDERED that the parties equally bear such fees and costs, if any, as may be required by the Connecticut Supreme Court.

/s/ELLSWORTH A. VAN GRAAFEILAND

Ellsworth A. Van Graafeiland, U.S.C.J.

/s/THOMAS J. MESKILL

Thomas J. Meskill, U.S.C.J.

/s/JOSEPH M. MCLAUGHLIN

Joseph M. McLaughlin, U.S.C.J.