C.R. KLEWIN, INC., Plaintiff–Appellant,

v.

FLAGSHIP PROPERTIES, INC., and
DKM Properties Corporation,
Defendants–Appellees.

No. 1555, Docket 91–7163.

United States Court of Appeals,
Second Circuit.

Argued May 20, 1991.

Certified to Connecticut Supreme
Court June 17, 1991.

Connecticut Supreme Court
Decision Dec. 10, 1991.

Decided Jan. 23, 1992.

Daniel S. Blinn, Hartford, Conn. (Louis R. Pepe, Pepe & Hazard, of counsel), for plaintiff-appellant.

A. Susan Peck, Hartford, Conn. (Hope C. Seeley, Santos, Peck & Smith, of counsel), for defendants-appellees.

Before VAN GRAAFEILAND, MESKILL and McLAUGHLIN, Circuit Judges.

PER CURIAM:

This appeal concerns a diversity action by plaintiff C.R. Klewin, Inc. (Klewin), a Connecticut corporation, against defendants Flagship Properties, Inc. (Flagship), an Ohio corporation, and DKM Properties Corp. (DKM), a New Jersey corporation. Flagship and DKM together engage in the business of real estate development in Connecticut under the trade name "ConnTech."

Klewin, a provider of construction management services, allegedly entered into an oral agreement with the defendants that Klewin would serve as construction manager on a massive multi-structure project at the University of Connecticut to be built in phases over an unspecified period of time. Count One of the complaint alleged breach of contract based on the oral agreement. Counts Two and Three sought costs incurred for preconstruction services performed. The defendants denied the existence of a contract and filed a motion for summary judgment dismissing all counts, claiming that any oral contract that might exist was unenforceable under the Statute of Frauds, Conn.Gen.Stat. § 52–550(a)(5). The United States District Court for the District of Connecticut, Dorsey, *J.*, granted defendants' motion. Regarding Counts Two and Three, the district court determined that because no enforceable contract existed Klewin was not entitled to compensation for preconstruction services performed pursuant to the unenforceable contract. It also concluded that, without the contract, Klewin was not entitled to preconstruction costs because it had failed to show that such costs were beyond those necessary for the preparation of the bid. Klewin appealed. The nature of the underlying controversy is spelled out in our earlier opinion, 936 F.2d 684 (2d Cir.1991), and we will not repeat it here. The main issue on appeal was whether the oral contract fell within the Statute of Frauds.

■ On June 17, 1991, we entered an order certifying two questions of law to the Connecticut Supreme Court pursuant to the Uniform Certification of Questions of Law Act, Conn.Gen.Stat. § 51–199a. *C.R. Klewin v. Flagship Properties*, 936 F.2d 684 (2d Cir.1991).

The questions certified were:

A. Whether under the Connecticut Statute of Frauds, Conn.Gen.Stat. § 52–550(a)(5), an oral contract that fails to specify explicitly the time for performance is a contract of "indefinite duration," as that term has been used in the applicable Connecticut precedent, and

therefore outside of the Statute's proscriptions?

B. Whether an oral contract is unenforceable when the method of performance called for by the contract contemplates performance to be completed over a period of time that exceeds one year, yet the contract itself does not explicitly negate the possibility of performance within one year?

■ On December 10, 1991 the Connecticut Supreme Court answered Question A "yes," and Question B "no." *C.R. Klewin v. Flagship Properties*, 220 Conn. 569, 573, 600 A.2d 772 (1991). The court held

> an oral contract that does not say, in express terms, that performance is to have a specific duration beyond one year is, as a matter of law, the functional equivalent of a contract of indefinite duration for the purposes of the statute of frauds. Like a contract of indefinite duration, such a contract is enforceable because it is outside the proscriptive force of the statute regardless of how long completion of performance will actually take.

220 Conn. at 583–84, 600 A.2d at 779. Therefore, we conclude that Klewin's contract claim should not have been dismissed for failure to satisfy the Statute of Frauds.

In our earlier opinion we stated that "[r]esolution of these state law issues will be determinative of the merits of the appeal now before us." *Klewin*, 936 F.2d at 686. The appeal, however, also challenged the district court's dismissal of Klewin's *quantum meruit* and promissory estoppel claims. Klewin's complaint alleged that Klewin had performed certain preconstruction services in contemplation of working on future aspects of the ConnTech development. The district court reasoned that since no enforceable contract existed Klewin could not have performed any services pursuant to it. Such reasoning was erroneous because, as we have discussed above, the Statute of Frauds does not render the oral contract unenforceable.

■ In addition, the existence of an enforceable contract is not a necessary precondition to recovery under either *quan-*

*tum meruit* or promissory estoppel doctrines. "Whether an agreement obnoxious to the Statute of Frauds is void or merely unenforceable, one who has partly performed the agreement and who is not in default in continuing performance should be compensated for any benefit which he has furnished the other party if the latter refuses to perform." 3 Williston, *A Treatise on the Law of Contracts* § 534 at 810–11 (3d ed. 1960); *see also Burkle v. Superflow Mfg. Co.*, 137 Conn. 488, 498, 78 A.2d 698, 703 (1951) ("Even though the contract is within the statute and, therefore, unenforceable, it does not follow that the plaintiffs are barred from recovery. They have rendered valuable services to the defendant which have been accepted by it, and they are entitled to receive the reasonable value of those services.").

■ Here, Klewin contends that the services it performed were much more than time spent in bid preparation. The district court stated in a footnote that Klewin had failed to show that its costs incurred were incident to services performed beyond those necessary for the preparation of a bid. However, Charles R. Klewin, the chief executive officer of Klewin, in an affidavit dated August 29, 1990, in opposition to the defendants' summary judgment motion, recounted several construction management services performed by Klewin that went beyond the scope of bid preparation. In rejecting these claims, the district court essentially engaged in factfinding, an inappropriate determination on summary judgment. Because there are issues in dispute regarding the extent, if any, to which Klewin provided services relating to future stages of the project, summary judgment on the second and third counts also was improper.

## CONCLUSION

The district court incorrectly held that the contract was within the Statute of Frauds and therefore unenforceable. Also, the court in ruling on the preconstruction services claims made a factual finding which was inappropriate on summary judgment. Accordingly, the district court's decision is reversed and this matter is remanded to the district court for further proceedings.